IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABRIEL ENGLAND #K50292, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   CIVIL NO. 16-cv-515-NJR ) |
| R. SULLIVAN et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks equitable relief and damages. The case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff transferred into Shawnee Correctional Center from Stateville Northern Reception Center on September 9, 2015. (Doc. 1, p. 8). He alleges that Defendant R. Sullivan immediately placed him in segregation "for no apparent reason," (*see* Doc. 1, p. 8), although grievances attached to the complaint allege that Plaintiff was sent to segregation after Sullivan asked him to remove his hair braids twice. (Doc. 1-1, p. 1). The grievances further allege that Plaintiff said "okay officer" and had every intention of removing his braids, but he was not given the opportunity to do so before being taken to segregation. (Doc. 1-1, p. 1-2).

Once in segregation, Plaintiff told Defendant Johnson that he had been sent to segregation because Sullivan did not like the look of him. (Doc. 1, p. 8). Johnson was about to release Plaintiff from segregation when Sullivan intervened and put a stop to it. (Doc. 1, p. 8). Plaintiff spent approximately seventeen days in segregation. (Doc. 1, p. 8). He was never issued

an investigative report. (Doc. 1, p. 8). He likewise was never issued a disciplinary report. (Doc. 1, p. 8).

Based on the allegations of the Complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Due Process claim against Sullivan for placing Plaintiff in segregation for no reason and failing to issue him an investigative or disciplinary report;
>
> **COUNT 2:** Failure to intervene claim against Johnson, Reeder, and Hunter for refusing to remedy the alleged constitutional violation committed by Sullivan;
>
> **COUNT 3:** Claim against internal affairs officer Breedan for failure to investigate Sullivan; and
>
> **COUNT 4:** Failure to supervise claim against Illinois Department of Corrections Director Baldwin.

## DISCUSSION

Plaintiff has no due process claim based on his time in segregation, and therefore this action must be dismissed. Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-84 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995).

While Plaintiff's allegations, which the Court takes as true, are unfortunate, "being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process." *Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005), *citing Sandin v. Conner,* 515 U.S. 472, 485–86 (1995); *Paige v. Hudson,* 341 F.3d 642, 643 (7th Cir. 2003). An inmate has no due process liberty interest in remaining free from administrative segregation because such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484; *Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir. 2001). An inmate likewise has no liberty interest in remaining in the general prison population. *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir. 1995). Administrative segregation placement for the purposes of institutional safety and security does not trigger a due process right to a hearing. *See Higgs v. Carver,* 286 F.3d 437, 438 (7th Cir. 2002). Thus Plaintiff's claims that he was placed in segregation for seventeen days without receiving formal discipline do not state a claim upon which relief can be granted.

Plaintiff has alleged that the prison guards also violated the Illinois Administrative Code by failing to issue a disciplinary or investigative report. Even if officials violated departmental rules, the matter does not implicate the Constitution. Violations of state law are not, in and of themselves, actionable as constitutional violations. *See, e.g., Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (explaining that Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations); *Archie v. City of Racine,* 847 F.2d 1211, 1216–17 (7th Cir. 1988) (a violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the Constitution or federal law). Plaintiff's due process claim relating to his placement in segregation on the basis of an incident that was never subject to formal discipline must be dismissed.

Because there is no underlying constitutional violation, Plaintiff's claims against Johnson, Reeder, and Hunter also must fail. *See Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). A plaintiff may state a claim for failure to intervene by showing that "any constitutional violation has been committed by a law enforcement official; and the [defendant] had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994) (emphasis omitted). But if there is no due process claim, there can be no claim for failure to intervene in the alleged due process violation.

Even if Plaintiff's due process claim was justiciable, Plaintiff has not stated a claim against IDOC Director Baldwin. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001). Accordingly, even if Plaintiff had articulated a constitutional violation, Baldwin would have to be dismissed.

The complaint likewise fails to state a viable claim against Internal Affairs Officer Breedan. Plaintiff had no constitutional right to see Sullivan or others punished for their alleged due process violations. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David,* 297 F.3d 646, 650 (7th Cir.2002). "A private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman,* 454 U.S. 83 (1981). A purported failure to properly investigate or to impose discipline on the officer(s) in question

did not amount to a constitutional violation, because the omission was not the cause of the plaintiff's injuries. *See Vukadinovich v. McCarthy,* 901 F.2d 1439, 1444 (7th Cir.1990). Consequently, Breedan also must dismissed as a defendant.

### DISPOSITION

The Court finds that the facts alleged by Plaintiff do not state a claim upon which relief could be granted, and further, that Plaintiff could not plead facts that would make these claims viable.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  June 22, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**